UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNDRA BROWN,

        Plaintiff,                                Hon. Robert J. Jonker

v.                                              Case No. 1:24-cv-1100

KALAMAZOO DEPARTMENT
OF PUBLIC SAFETY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Summary Judgment (ECF No. 19). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and Plaintiff's motion be denied.

## BACKGROUND

On September 30, 2024, Plaintiff filed this action in the Kalamazoo County Circuit Court against Defendant City of Kalamazoo Public Safety (ECF No. 1-1). Plaintiff alleges:

> [A]ll officers and others shall be charged with kidnapping, conspiracy to kidnapping, depriving life, liberty and property which is a violation of my rights and state law, see Amendment 4, Amendment 5, Amendment 1, Amendment 14, Section 1, Amendment 8, Amendment 6.

(ECF No. 1 at PageID.7). He further states that he is requesting $2.5 million for the violations and that "all participants" be "incarcerated to the minimum and maximum

time for violations[.]" (*Id.* at PageID.8). He also attaches various printouts of the Michigan penal code, Michigan Court Rules, Code of Federal Regulations and case law. (*Id.* at PageID.11-44).

On October 21, 2024, Kalamazoo Department of Public Safety removed the complaint to this Court (ECF No. 1) and subsequently filed a Motion to Dismiss (ECF No. 7). Plaintiff then filed a Motion for Summary Judgment. (ECF No. 19).

## ANALYSIS

The Court must construe *pro se* pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Although "*pro se* complaints are held to less stringent standards," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), courts do not "abrogate [the] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Defendant first argues that the only named Defendant—City of Kalamazoo Department of Public Safety—does not exist. Defendant further states that to the extent Plaintiff intended to name the Kalamazoo Department of Public Safety, it is not a legal entity. Construing the pleading liberally, however, Plaintiff's complaint could be interpreted as asserting a claim against City of Kalamazoo.

Nonetheless, Plaintiff's complaint fails to state a claim upon which relief can be granted. Although he alleges his constitutional rights were violated, he does not allege any facts. He does not allege any specific encounter with any individual on

any specific date which would give rise to a constitutional violation. Nor does he allege any policy or custom as required to hold a municipality liable under *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). Plaintiff's vague statements and legal conclusions are insufficient to state a claim.[1] Moreover, nothing in Plaintiff's Motion for Summary Judgment alters this analysis. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss be granted; Plaintiff's Motion for Summary Judgment be denied; and this matter be terminated.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 7) be granted and Plaintiff's Motion for Summary Judgment (ECF No. 19) be denied. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

---

[1] The Court also notes that Plaintiff's purported supplements do not contain specific facts. (*See* ECF No. 8, 9).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: June 3, 2025                                                                /s/ Phillip J. Green
                                                                                              PHILLIP J. GREEN
                                                                                              United States Magistrate Judge